IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK COLLINS, INC.,

                Plaintiff,                Case No. 3:11 MC 95

  -vs-

                                            O R D E R

DOES 1-2590

                Defendant.

KATZ, J.

Currently before the Court is non-party Buckeye Cablesystem's ("Buckeye") motion for sanctions against Plaintiff pornographic film producer Patrick Collins, Inc., and against Plaintiff's lawyer, Ira Siegel.

**I. Background**

This matter derives from Plaintiff's copyright infringement suit filed in the United States District Court for the Northern District of California, alleging that 2,590 John Doe Defendants infringed the copyright of Plaintiff's film by engaging in online BitTorrent peer-to-peer ("P2P") file sharing of the film. *See Patrick Collins, Inc. v. Does 1-2,590*, No. 11-cv-2766 (N.D. Cal. filed June 7, 2011) ("*Patrick Collins* case"). The matter initially came before this Court on Buckeye's motion to quash and motion for sanctions filed in response to an expedited discovery subpoena that Plaintiff issued through this Court and served on Buckeye. The subpoena commanded Buckeye to produce the names, telephone numbers, addresses, and email addresses that correspond with a laundry list of Internet Protocol ("IP") addresses for which Buckeye is the Internet Service Provider ("ISP"), and which Plaintiff alleges engaged in the P2P file sharing.

On December 15, 2011, the *Patrick Collins* case was dismissed by the presiding Northern District of California Magistrate Judge, who cited concerns of misjoinder and improper venue.

This Court subsequently closed the instant matter on December 21, 2011, but Buckeye renewed its motion for sanctions on December 23, 2011.[1]

**II. Discussion**

This Court shares the Northern District of California's concerns regarding pervasive issues of misjoinder and improper venue created by Plaintiff's lawsuit. Moreover, this Court notes that numerous other courts have summarily dismissed similar actions and have imposed sanctions from the outset. Further, the Court recognizes that the Northern District of California's ultimate reasons for dismissing the *Patrick Collins* case mirror the arguments made by Buckeye in its original motion to quash and motion for sanctions. Despite this, the subpoena Plaintiff served on Buckeye was issued pursuant to a valid Discovery Order made by the Northern District of California at the outset of the action. That Order expressly permitted Plaintiff to issue the subpoena, and did so relying on case law that holds joinder and venue to be proper, albeit case law with which this Court disagrees.

In light of the above, this Court declines to impose sanctions on Plaintiff or its attorney. Buckeye's motion to quash is hereby denied as moot, and Buckeye's motions for sanctions are hereby denied. (Doc. 1, Doc. 10).

IT IS SO ORDERED.

---

[1] Notably, on the same day and in the same court that Siegel filed the *Patrick Collins* case, he also filed a substantially identical copyright infringement suit on behalf of pornographic film producer New Sensations, Inc., *see New Sensations, Inc. v. Does 1-1,474*, No. 11-cv-2770 (N.D. Cal. filed June 7, 2011) ("*New Sensations* case"), alleging that 1,474 John Doe Defendants infringed the copyright of New Sensations, Inc.'s film by engaging in the same type of P2P file sharing alleged to have occurred in the instant case. Siegel also served on Buckeye an expedited discovery subpoena identical to that served in the instant case and, not surprisingly, Buckeye filed with this Court an identical motion to quash and motion for sanctions. *See New Sensations, Inc. v. Does 1-1,474*, No. 11-mc-94 (N.D. Ohio filed Oct. 21, 2011).

                                          s/ *David A. Katz*  
                                          DAVID A. KATZ  
                                          U. S. DISTRICT JUDGE